CAMPBELL PRINTING PRESS & MFG. CO. v. F. WESEL MFG. CO. et al.

(Circuit Court, E. D. New York. July 18, 1903.)

1. PATENTS—INFRINGEMENT—APPARATUS FOR CASTING STEREOTYPE PLATES.

The Wood patent, No. 721,117, for an automatic stereotype printing plate casting and finishing apparatus, covers a power-driven machine for casting and finishing stereotype printing plates, the several operations in sequence being performed automatically. The purpose of the invention is to avoid the necessity of actually handling the parts for making the cast, as well as of handling the cast itself. Several of the claims contain no reference in terms to automatic operations; nor do the first claims in each of the related patents to the same inventor, Nos. 721,118, 721,120, and 721,121. *Held*, on motion for preliminary injunction, that such claims were infringed by a machine which embodies the same mechanism for the immediate dealing with the parts and the cast, and which differs from that of the patent only in that it is driven by hand, and the several operations are initiated by means of hand levers, instead of automatically.

In Equity. Suit for infringement of letters patent No. 721,117 for automatic stereotype printing plate casting and finishing apparatus, granted February 17, 1903, to Henry A. W. Wood, and the related patents to the same inventor, Nos. 721,118, 721,120 and 721,121. On motion for preliminary injunction.

Louis W. Southgate, for complainant.

Goepel & Niles (Paul Goepel, of counsel), for defendants.

THOMAS, District Judge. The bill charges that the complainant is the owner of four patents relating to apparatus for making stereotype printing plates, and that the defendants have infringed certain claims of said patents. The specifications of letters patent No. 721,117 state:

"This invention is directed to the rapid production of stereotype printing plates, and relates to a power-driven machine consisting of plate-casting mechanism combined with automatically operating devices for operating said mechanism to automatically cast stereotype printing plates. In combination therewith is also preferably arranged automatically operating finishing mechanism. By this invention many of the manual operations now necessarily incident to the ordinary methods of making stereotype plates may be dispensed with, and by the use of this machine accurately finished printing plates ready for immediate attachment to the cylinders of a printing press may be produced with great rapidity. * * * The especial purpose of the invention is to do away with manual operation in the process of stereotyping after the matrix has been made up to the production of the finished plate."

There can be no serious contention that the defendants' machine does not infringe the complainant's device, unless it may be distinguished in this: that complainant's machine operates automatically, under the initial influence of mechanical power, while the defendants' machine is under the manual control of the operator. The defendants state the distinction as follows:

"There can be no pretense but that the alleged inventions of the patents in suit relate to the formation of stereotype plates by automatically operating mechanisms, operating in sequence, for the production of a finished stereotype plate. Taking the specifications in their entirety for what they undertake to disclose, this idea of automatic operation must be read into each of the claims of said patents, if the claims of said patents are to have any special significance over the state of the art. The corollary of this proposition must be that, if the several successive and sequential operations performed automatically by the machines of the patents in suit be performed manually by mechanisms always under the control of the operator, and never manipulated except at his immediate direction and under his impulse and force, as are the defendants' machines, then such machines or devices do not realize the alleged inventions of the patents in suit, and are outside of the scope of the claims thereof."

The defendants use the complainant's mechanism, except that the defendants drive their machine by hand, while the complainant drives its machine by power, which actuates mechanism that effects automatic operation. But the mischief to be corrected was the necessity of actually handling the parts for making the cast, as well as for handling the cast itself. In immediately dealing with the different parts and the cast, the defendants use mechanism that infringes that of the complainant, but the defendants use hand power for the purpose of causing such parts to perform their several functions.

In patent No. 721,117, claims 30, 31, 34, 36, 41, 44, 75, 83, and 166, there is no reference in terms to automatic operation. So as to claim 1, patent No. 721,118, claim 1, patent No. 721,120, and claim 1, patent No. 721,121. The defendants' position is that they may use the immediate mechanism employed by complainant for eliminating manual labor, provided the power be applied by hand, whereby the several processes are each effected by as many manual manipulations, and that there can be no infringement of the complainant's machine unless all the parts producing the result coact under the influence of mechanical power. Such a position does not seem maintainable.

The suggestion that the complainant's machine is highly organized may be true, but the defendants cannot disorganize it to such an extent as to apply here and there manual power, and yet escape the charge of infringement. The complainant's invention is without available suggestion of anticipation, and is of highest utility in the art to which it relates. The claims are broadly stated, and to broad claims the complainant is entitled. The defendants have copied the invention with the single limitation as above stated—that is, they disorganize complainant's machine so far forth as to interpose hand levers to operate the mechanisms; but the hand power thus conveyed to the several levers in substitution for mechanical power drives parts that infringe the parts of complainant's machine. The highest value of complainant's machine is not that it is driven by other than hand power, but that it secures final means for effecting a result, which means may be under the initial influence of mechanical power. In this way defendants secure the vital part of complainant's patent by discontinuing the energy by which its device is moved. If it be conceded that the complainant is limited to the means shown in its letters, yet the defendants wrongfully use such means, and thereby infringe complainant's patent, although they set such parts in motion by using equivalent hand levers, and thereby eliminate automatic operation

Pursuant to these views, a preliminary injunction should be granted.