MOORE CARVING MACH. CO. v. CLEMONS MACH. CO.

(Circuit Court of Appeals, Second Circuit. July 2, 1912.)

No. 247.

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—POLISHING MACHINE.
    The Gale patent, No. 685,328, for a rubbing and polishing machine having a polishing belt and a reciprocating head pressing the belt to its work, was not anticipated and discloses patentable invention. Claims 1 and 3 also *held* infringed by a machine differing only in the means used for reciprocating the head.

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—POLISHING MACHINE.
    The Yarnell patent, No. 743,608, for a polishing machine, *held* not anticipated, valid, and infringed.

Appeal from the District Court of the United States for the Western District of New York.

Suit in equity by the Moore Carving Machine Company against the Clemons Machine Company for infringement of two patents. Decree for complainant on one patent and for defendant on the other, and both parties appeal. Reversed on complainant's appeal, and affirmed on defendant's.

For opinion below, see 192 Fed. 122.

This cause comes here upon cross-appeals from a decree of the District Court, Western District of New York. Complainant filed the usual bill in equity for infringement, declaring upon two patents. The first is No. 685,-328 for a rubbing and polishing machine, issued October 29, 1901, to H. P. Gale and subsequently assigned to complainant. · The second is No. 743,608 for a rubbing and polishing machine, issued November 10, 1903, to C. T. Yarnell, assignor to complainant. The district judge held the first patent valid, but found that defendants did not infringe the claims declared upon (1 and 3). He further found that the second patent was valid and that defendant's device infringed its seventh claim, which is the only one in controversy. Each side appealed from so much of the decree as was adverse.

Paul & Paul (A. C. Paul, of counsel), for complainant.
J. William Ellis, for defendant.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). [1] The Gale patent relates to polishing machines in which the work is done by a polishing belt, whereby the belt can be readily adapted to work on the surface of the material which it is desired to polish or abrade. Some of the objects of the improvement are stated to be to provide a head to press a running polishing belt upon the surface to be polished; to balance the head on the machine so that its pressure can be instantly controlled by lever; to provide means whereby the head may be given a reciprocating motion lengthwise of the belt. Other stated objects of improvement are unimportant in the case at bar and need not be enumerated. The complainant's machine is arranged as follows: Wheels are arranged at opposite ends of the frame over which runs the polishing belt, usually a strong web carry-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing the polishing or abrading material on its outer surface.  One of these wheels is power driven, so that the lower stretch of the polishing belt is carried continuously in the same direction, and the wheels are so far apart that the upper and lower stretches of the belt would normally run horizontally.  The article to be polished is placed upon a carriage which is adjustable so as to bring the surface to be polished into contact with the polishing belt; when once the surface is brought to a proper position, the carriage ceases to move, and the article remains where it has been placed until it is moved laterally by hand so as to bring another segment of its surface into contact with the belt.  In order to press the belt into contact with the article to be polished, a so-called "head" is located within the space between the upper and lower stretches of the belt.  It is connected to a guide bar on which it slides, so as to have a reciprocating motion, in the direction of the running belt or reverse thereto.  The patentee states that, by having a curved guide bar, a curved reciprocating motion may be imparted to the head if desired.  This head is also (through the guide bar) connected with a rod, which is so arranged that by means of a lever the rod, bar, and head may be depressed thus forcing so much of the belt as the head contacts with below its normal running line.  This increases the friction between the surface and the belt; the amount of pressure may be regulated by the operating lever. Apparently this is a desirable feature which is accomplished by the extent to which the belt is pinched between the top of the work piece supported on the carriage and the reciprocating head on the other side of the belt.  The claims in controversy are:

"1. In a rubbing and polishing machine, a rubbing or abrading belt suitably mounted for running the same, a reciprocative head having means for pressing said belt to its work."

"3. In a rubbing and sandpapering machine, an abrading or polishing belt having suitably-mounted pulleys for running the same, a head reciprocatively mounted within said belt to work from the center out each way pressing said belt to its work."

As thus stated the combination of old parts is seen to be a simple one, but it is novel, so far as the record discloses.  A careful examination of the prior art shows that complainant's counsel is justified in making the statement, found in his brief, that:

"The Gale patent is absolutely the first in the art to provide a sanding and polishing machine having a rubbing or abrading belt with a reciprocating head arranged within the belt, and means pressing the head against the back side of the belt and thereby pressing the belt to the work."

Reciprocation of the head seems to be a desirable feature; irrespective of the expert's comments upon it, the Patent Office found in it sufficient to induce the issue of the patent, and defendant employs this feature, although the use of a nonreciprocating head would at once put his device outside of the scope of the claims.

In defendant's machine we find the polishing belt running over pulleys one power driven, always in the same direction; the pulleys are so far apart that normally the lower stretch of the belt would run on a horizontal plane.  Located within the belt is a head, which

operates to press down that portion of the lower stretch with which it contacts so as to bring it into close frictional contact with the surface to be polished. This head reciprocates by sliding on a guidebar, working outward from the center each way pressing the belt to its work. The guidebar of defendant is not connected with a rod arranged to be operated vertically by means of a lever. The guidebar is fixed having no vertical motion. In order, however, to secure the relative motion of head and carriage by means of which the belt is pinched between head and working surface, the carriage is arranged so that it may, by means of a lever, be raised or lowered, thus increasing or decreasing pressure at the working surface, precisely as it is increased or decreased in the device of the patent. This reversal of motion between two parts, one of which remains fixed while the other advances or recedes, is a well-recognized form of equivalency and will not avoid infringement unless there is something in the record which requires the claims to be so narrowly construed that even this slight change will be sufficient to take a device, in other respects identical, out of the scope of the claim.

We do not find anything in the record which constrains to so narrow a construction. As originally filed, claims 1 and 3 called merely for "a head" to press the belt to its work. They were rejected and three prior patents were cited: Huseby, No. 637,121, November 14, 1899; Totman, No. 348,177, August 24, 1886; Morris, No. 29,293, July 24, 1860. In each of these there is a head located within the belt. In Huseby this head is spring-pressed downward; the pressure of the springs may be varied by turning nuts, and when once so regulated remains constant until the nuts are again turned; there is no regulation of pressure while the machine is working by means of a head movable vertically by means of a lever. In Totman there is a head within the belt, which has such a vertical movement as will adjust it to variations in the position of the surface being operated upon, such as may be caused by differences in the thickness of panel, but has no means of regulating pressure of the head at the will of the operator while the machine is running. In Morris an elastic roller is located within the polishing belt and is provided with means for raising and lowering it from or towards the lower stretch of the belt. But neither in Morris nor in the other two patents is there any reciprocating head. In consequence, as soon as Gale modified his claims by limiting them to a reciprocating head, his patent was issued.

Two other patents are relied upon by defendant. In Hess No. 412,-616 the patentee provides a hand implement, entirely disconnected from any machine which is operated by hand. The operator takes this implement and places it within the loop of a belt, and then by grasping the two handles he uses it as a means for holding the abrasive surface of the belt against the work piece. There is nothing in this which calls for any modification of the claims of the patent in suit. The only remaining patent to be considered is Clark No. 570,866. The machine shown in this patent provides a pair of tongs in which a tube, such as a portion of a bicycle frame, may be gripped and held without being rotated. A polishing belt is wrapped partially around the tube

thus held by the tongs, and as said belt is driven the guide pulleys, by which the belt is held against the tube, are moved by oscillating the plate upon which they are mounted, so that the position of the belt is changed and it is caused to come in contact with every portion of the stationary tube which is being polished. The guide pulleys operate against the inner side of the polishing belt, and by thus pulling against it they cause another part of the belt to press against the work. But we cannot concur with the District Judge in the conclusion that the Clark patent requires a construction of the patent in suit which would confine it to a device where there is a "guide bar on which the head travels vertically to press the belt to the material operated upon." The Clark patent has no head which presses the belt to its work, pinching the belt between the head and the work; nor is there any reciprocation of the head. The belt no doubt yields somewhat when the work-piece is pressed against it as did the spring-pressed head in Huseby; but there is no relative movement between the holder for the work-piece and the oscillating plate which carries the guide pulleys. Certainly if Clark's was a junior patent, it could on no reasonable theory be held to infringe the Gale device or that of defendant. Clark's device may very well necessitate a construction of claims 1 and 3 which will restrict them to a machine which operates by pinching the polishing belt between the head and the working face, but it is in precisely that way that defendant's device operates. We are of the opinion that such device infringes claims 1 and 3.

[2] In the Gale patent the reciprocating head may be set to have a predetermined length of throw, but that length cannot be varied during operation; to do so the machine must be stopped and readjustment effected. It is desirable to have the head adjustable during operation. Thus, if a round table-top is being polished, a short throw only is required when work begins at the side of the table-top; a longer throw is required as the polishing belt reaches the center, and thereafter the length of throw may be again reduced. Yarnell improved the Gale machine by so arranging the head and connected parts that the throw, or stroke, of the head could be regulated by the workman while the machine was running and doing work. The seventh claim of his patent reads as follows:

"7. The combination in a rubbing and polishing machine, with a polishing belt, of a reciprocating head arranged to engage said belt and press it to its work, suitable mechanism for reciprocating said head and means for regulating the throw of the head without stopping the machine substantially as described."

Yarnell was the first to adopt such means in machines of the type under consideration. We concur with Judge Hazel in the conclusion that this claim is valid and is infringed by the device of defendant. It seems unnecessary to add anything to his discussion of the question.

The decree is reversed, with costs of this appeal to complainant, and cause remanded, with instructions to decree for complainant in conformity with the views expressed in this opinion, with costs.