MOORE CARVING MACH. CO. v. LUCAS MACH. CO.

(District Court, W. D. New York. November 6, 1912.)

No. 507.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—POLISHING MACHINE.

The Gale patent, No. 685,328, for a rubbing and polishing machine, was not anticipated and discloses patentable invention. Claim 1, given the broad construction to which it is entitled as covering a machine adapted for use on any material, also held infringed.

In Equity. Suit by the Moore Carving Machine Company against the Lucas Machine Company. On final hearing. Decree for complainant.

A. C. Paul, of Minneapolis, Minn., for complainant.

J. William Ellis, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. This action is for infringement of the Gale patent, No. 685,328, granted October 29, 1901, for improvement in a rubbing and polishing machine, in which the work is done by a polishing belt on plane or uneven surfaces. The single claim in controversy reads as follows:

"1. In a rubbing and polishing machine, a rubbing or abrading belt suitably mounted for running the same; a reciprocative head having means for pressing said belt to its work."

The principal defense is noninfringement. The patent in controversy was before this court in a prior litigation (Moore Carving Machine Co. v. Clemons Machine Company [C. C.] 192 Fed. 122), and it was there held that claims 1 and 3 were valid, but that, in view of the narrow scope of the claims, the defendant's machine in that case was not an infringement. On appeal, however, the Circuit Court of Appeals expressed the opinion that claim 1 was entitled to a construction broad enough to include a sanding and polishing machine having an abrading belt, with a reciprocating head arranged within the belt and means upon the inner side of the belt for pressing it to its work, and, so construed, the defendant's machine was held an

infringement of complainant's. 198 Fed. 90. The opinion discusses the patents which were thought to be the best references to anticipate the Gale patent, and specific reference was made to the patents to Huseby, Totman, Morris, Hess, and Clark. The Maddox patent, No. 650,407, was not mentioned; but the Circuit Court in its opinion pointed out the features thereof which differentiated it in important particulars from the patent in suit.

Defendant here strongly argues that its machine does not approximate so closely the complainant's machine as did the infringing Clemons machine in the prior litigation, that it is patentably different, and that the prior art, as described in the Morris patent, and especially Defendant's Exhibit No. 12, the Maddox machine, as described in the Maddox specification, are now presented in another aspect than before, and are a complete anticipation of the claim in controversy. In considering these contentions I make the following observations:

It makes no difference that complainant's machine is not actually used to rub or polish metallic surfaces, as distinguished from rubbing or sanding wood surfaces. The Gale specification states that the invention can be "readily adapted to work on the plane or uneven surfaces of varnish, wood, stone, metal, or any material on which it is desired to use any of the various rubbing, abrading, or polishing materials." It will be seen that the complainant's machine is a rubbing or polishing machine in a broad sense, and not limited as to the character of the work sanded or polished. Assuming, as claimed by defendant, that such machine is capable of smoothing plane surfaces only, while defendant's machine has capacity for sanding plane and curved wood and metal surfaces, this, standing alone, does not avoid infringement of the broad claim in controversy, as the same was construed by the Circuit Court of Appeals.

The defendant points out that the Gale patent, with its mechanical reciprocation of the headpiece, is unlike the defendant's, which is pressed to the work by hand; but the record does not show that the patentee limited himself in operating the machine to the particular means described. The device is so constructed that it would not be wholly impracticable to manually operate it, and, indeed, it is shown that by slight alteration the objectionable clogging of the head in its present lateral movements when operated by hand would be prevented. The machine, both as to moving the headpiece to and fro and as to pressing it down on the work, could with such alteration be successfully operated by hand. The patentee's preferred adaptation is one in which the headpiece performs its function automatically by means of power applied to the pulleys, although it is stated in the specification that the reciprocating mechanism can be thrown out of gear by a clutch device and the head turned to any part of the work by a hand lever; the stroke being controlled by the operator.

In view of the broad scope accorded the claim in the Clemon's suit, the complainant should not be deprived of the fruits of its invention by defendant's appropriation of the essential feature thereof, namely, the reciprocating head arranged within the abrading belt, or by defendant's manual operation thereof through the instrumentality

of a hand lever, which guides the headpiece in its stroke and enables pressing the same to the work. Such substitution for mechanical power is, under a broad construction of the claim in controversy, a palpable evasion and unquestionable infringement of complainant's adaptation. Campbell Printing Press & Mfg. Co. v. F. Wesel Mfg. Co. (C. C.) 124 Fed. 322. The defendant's method of moving the stroke and pressing the headpiece to the work is not patentably different from complainant's, even though it may in some respects be more convenient in operation. And although such alterations may have improved the machine and advanced the art, no weight can be attached thereto, in view of defendant's appropriation of the central idea of the Gale patent.

Although the question of infringement is the only question which need be considered, as the prior decision reviewed the state of the art, yet, as the defendant insists that there are new issues, that the prior patents, especially the Maddox and Morris patents, since the prior decision, are better understood by its expert witness, and are in fact viewed by him from a different angle, I have again given consideration to said patents. I am, however, after a renewal of the examination, left unpersuaded that the defendant is entitled to a different construction of the claim than was given it in the Clemons Case on appeal. The reciprocating headpiece of the Maddox patent is operated substantially in the same way as that of the Gale patent, but without the use of a sanding belt.

Accordingly the defendant's expert witness Popp testified that it would require "no invention or the exercise of anything but the simplest mechanical skill to add the belt to the Maddox device, and when that is done the precise structure of claim 1 of the Gale patent is found." True enough, it all looks very simple now. It did not require much invention to add to the Maddox patent an abrading belt and means for pressing it to the work; but the question of invention is aptly answered by complainant's expert witness, Mr. Wilhelm, who testified to the point as follows:

"It is, of course, easy at the present time to convert the machine of the Maddox patent into the machine of the Gale patent, because Gale has taught us how a successful sanding machine should be constructed; but this was not so obvious before the Gale patent, as evidenced by the fact that nobody did it before Gale. Gale's conception of the principle upon which a sanding machine should be constructed was the inventive act which is embodied in his patent and expressed in his claim."

The patentee's conception was to put the headpiece within the belt, pressing it down upon the belt, to achieve the desired result, and this conception was by him for the first time embodied in a practical machine.

What has been said of the Maddox machine as an anticipation applies with equal effect to the machine described in the Morris patent, which included a stationary headpiece and a reciprocating table, and nothing additional to the remarks thereon of Judge Lacombe, who wrote the opinion for the Circuit Court of Appeals in the Clemons Case, need be stated.

The defendant's machine embodies the elements of claim 1, and no patentable departure from complainant's patent was made by the manual operation thereof. A decree as prayed for in the bill may be entered.